**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WILLIE SLAUGHTER** | * | Case No. |
| 401 Bell St. | | |
| Sandusky, Ohio 44870 | * | Judge |
| | | |
| Plaintiff, | * | **COMPLAINT; JURY DEMAND** |
| v. | | **ENDORSED HEREON** |
| | * | |
| **ALKON CORPORATION** | | Francis J. Landry (0006072) |
| 728 Graham Dr. | * | **WASSERMAN, BRYAN, LANDRY** |
| Fremont, Ohio 43420 | | **& HONOLD, LLP** |
| | * | 1090 W. South Boundary St |
| Defendant. | | Suite 500 |
| | * | Perrysburg, Ohio 43551 |
| | | Telephone: (419) 243-1239 |
| | * | Facsimile: (419) 243-2719 |
| | | Email: FLandry308@aol.com |
| | * | Attorneys for Plaintiff |
| | | Willie Slaughter |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 29 U.S.C. 621 et seq., known as the Age Discrimination in Employment Act. This case is also an action for racial discrimination brought in pertinent part under Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq. Plaintiff also brings a claim under 42 U.S.C. Section 1981 known as the Civil Rights Act of 1866, 1871. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful denial

1

of promotion and constructive discharge of employment. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, attached hereto as Exhibit A, and incorporated by reference as if fully restated herein.  On July 21, 2023, the District Director of the EEOC notified Plaintiff of his right to sue in an appropriate federal court within 90 days of his receipt of the notice, a copy of which is attached hereto as Exhibit B. Plaintiff received his right to sue notice on or after July 22, 2023.

## PARTIES

2.      Plaintiff, Willie Slaughter, is a seventy-two year old, African-American citizen of the United States, and a resident of the City of Sandusky, State of Ohio, who was employed by Defendant from April 12, 2021 until his termination on August 30, 2021.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act.

3.      Defendant is a corporation authorized to do business under Ohio law with a place of business in the City of Fremont, County of Sandusky, State of Ohio where the claims that give rise to this Complaint arose. At all times material hereto, Defendant at all times had more than twenty (20) employees and was also an employer within the meaning of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991.

## NATURE OF THE CASE

4.      Plaintiff brings this action for damages for an unlawful discharge of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act and 42 U.S.C. Section 1981.

## GENERAL ALLEGATIONS

2

5.      Plaintiff was employed with Defendant  from April 12, 2021  until his termination on August 30, 2021.

6.      During his employment, Plaintiff held the position of Plant Laborer.

7.      Plaintiff performed his job well, and was a highly rated employee. He was well qualified for his position based on his experience.  Plaintiff was at all times meeting or exceeding his employer's legitimate expectations.

8.      When hired, Plaintiff was hired for the position of Plant Laborer he was employed in throughout her tenure of employment with Defendant.  However, once hired, he was singled out for odd jobs and he was singled out for jobs that were beyond the skill set of the average worker. Plaintiff was given a series of disastrous job assignments. These tasks were outside of Plaintiff's skillset.

9.      When he was given a particularly disastrous job assignment on  August 30, 2021, Plaintiff notified his supervisor's supervisor and went home. The Defendant did nothing to correct this situation whereby Plaintiff was systematically mistreated by his supervisor and terminated his employment without providing Plaintiff a reason.

**FIRST CLAIM FOR RELIEF**
**ADEA--29 U.S.C. Sections 621 et seq.**

10.      Plaintiff incorporates each and every allegation contained in paragraph one (1) through nine (9) by reference in its entirety as if fully restated herein.

11.      Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as he was seventy (70) years of age at the time of his termination.

12.      Plaintiff performed his job well, and was a highly rated employee. He was well qualified for his position based on his having over 30 years of doing factory work and having a good work

3

ethic throughout his career. Plaintiff was at all times meeting or exceeding his employer's legitimate expectations.

13.     Plaintiff was terminated on August 30, 2021 without being provided a reason.

14.     The basis for Plaintiff's termination are false and pretextual as Plaintiff performed his job well and did not break any of Defendant's employment policies.

15.     When hired, Plaintiff was hired for the position of Plant Laborer he was employed in throughout her tenure of employment with Defendant.  However, once hired, he was singled out for odd jobs and he was singled out for jobs that were beyond the skill set of the average worker. Plaintiff was given a series of disastrous job assignments. These tasks were outside of Plaintiff's skillset.

16.     When he was given a particularly disastrous job assignment on  August 30, 2021,  Plaintiff notified his supervisor's supervisor and went home. The Defendant did nothing to correct this situation whereby Plaintiff was systematically mistreated by his supervisor and terminated his employment without providing Plaintiff a reason.

17.     Plaintiff states that similarly situated substantially younger employees have been more favorably treated, and were not subjected to improper and unattainable job assignment and were not subjected to such employment harassment. Defendant followed its policies for assigning younger employees and did not subject them to termination for no reason.

18.      Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of age in violation of  29 U.S.C. §621 et seq.

19.      As a proximate cause of the acts complained of,  Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress,

anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Title VII, Civil Rights Act, Race Discrimination, 42 U.S.C. Section 2000e et seq.**

20. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nineteen (19) of this Complaint, supra, by reference in its entirety as if fully restated herein.

21. Plaintiff is an African-American individual and was employed by Defendant.

22. Plaintiff performed his job well, and was a highly rated employee. He was well qualified for his position based on his having over 30 years of doing factory work and having a good work ethic throughout his career. Plaintiff was at all times meeting or exceeding his employer's legitimate expectations.

23. Plaintiff was terminated on August 30, 2021 without being provided a reason.

24. The basis for Plaintiff's termination are false and pretextual as Plaintiff performed his job well and did not break any of Defendant's employment policies.

25. When hired, Plaintiff was hired for the position of Plant Laborer he was employed in throughout his tenure of employment with Defendant. However, once hired, he was singled out for odd jobs and he was singled out for jobs that were beyond the skill set of the average worker. Plaintiff was given a series of disastrous job assignments. These tasks were outside of Plaintiff's skillset.

26. When he was given a particularly disastrous job assignment on August 30, 2021, Plaintiff notified his supervisor's supervisor and went home. The Defendant did nothing to correct this situation whereby Plaintiff was systematically mistreated by his supervisor and terminated his employment without providing Plaintiff a reason.

5

27.     Plaintiff states that similarly situated substantially non African-Amereican employees have been more favorably treated, and were not subjected to improper and unattainable job assignment and were not subjected to such employment harassment. Defendant followed its policies for assigning non African-American employees and did not subject them to termination for no reason.

28.      Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of race in violation of  42 U.S.C. Sections 2000e et seq.

29.      As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. Section 1981 , Racial Discrimination**

30.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-nine  (29) of this Complaint, supra, by reference in its entirety as if fully restated herein.

31.     Plaintiff is an African-American individual and was employed by Defendant.

32.     Plaintiff performed his job well, and was a highly rated employee. He was well qualified for his position based on his having over 30 years of doing factory work and having a good work ethic throughout his career. Plaintiff was at all times meeting or exceeding his employer's legitimate expectations.

33.     Plaintiff was terminated on August 30, 2021 without being provided a reason.

34.     The basis for Plaintiff's termination are false and pretextual as Plaintiff performed his job well and did not break any of Defendant's employment policies.

35.     When hired, Plaintiff was hired for the position of Plant Laborer he was employed in throughout her tenure of employment with Defendant.  However, once hired, he was singled out for odd jobs and he was singled out for jobs that were beyond the skill set of the average worker. Plaintiff was given a series of disastrous job assignments. These tasks were outside of Plaintiff's skillset.

36.     When he was given a particularly disastrous job assignment on  August 30, 2021, Plaintiff notified his supervisor's supervisor and went home. The Defendant did nothing to correct this situation whereby Plaintiff was systematically mistreated by his supervisor and terminated his employment without providing Plaintiff a reason.

37.     Plaintiff states that similarly situated substantially non African-Amereican employees have been more favorably treated, and were not subjected to improper and unattainable job assignment and were not subjected to such employment harassment. Defendant followed its policies for assigning non African-American employees and did not subject them to termination for no reason.

38.      Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of race in violation of  42 U.S.C. Section 1981.

39.      As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

   **WHEREFORE,**   Plaintiff demands a judgment ordering reinstatement to his position together with lost back pay seniority and benefits or in the alternative for an award of front pay in

lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, and interest. Plaintiff also seeks an amount of liquidated damages equal to his damages and costs and attorney fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**
s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Willie Slaughter

## **JURY DEMAND**

Plaintiff demands a jury trial as to all issues to triable in the within cause.

s/Francis J. Landry
Francis J. Landry